```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**WILLIAM J. BRADLEY,**

    **Plaintiff,**

**v.**                                         **Civil Action No. 2:05-cv-00797**

**JO ANNE B. BARNHART,**
**Commissioner of the**
**Social Security Administration,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court are the parties' briefs for judgment on the pleadings and Plaintiff's Reply Brief.

Plaintiff, William J. Bradley (hereinafter referred to as "Claimant"), filed an application for DIB on December 17, 2003, alleging disability as of January 3, 2003, due to vertigo,

arthritis and nerve damage in his feet, and asbestosis. (Tr. at 78, 94.) The claim was denied initially and upon reconsideration. (Tr. at 63-65.) On August 3, 2004, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 66.) The hearing was held on March 15, 2005 before the Honorable Arthur Conover. (Tr. at 23-52.) By decision dated April 26, 2005, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 10-17.) The ALJ's decision became the final decision of the Commissioner on July 29, 2005, when the Appeals Council denied Claimant's request for review. (Tr. at 4-6.) On September 26, 2005, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2005). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently

engaged in substantial gainful employment.  Id. § 404.1520(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. § 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. § 404.1520(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. § 404.1520(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2005).  The Commissioner must show two things:  (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy.  McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

    In this particular case, the ALJ determined that Claimant

satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 11, 16.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of vertigo, osteoarthritis of the low back, and degenerative changes in the feet. (Tr. at 11, 16.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 11, 16.) The ALJ then found that Claimant has a residual functional capacity for medium work, reduced by nonexertional limitations. (Tr. at 12, 16-17.) As a result, Claimant cannot return to his past relevant work. (Tr. at 12, 17.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as a sorter/inspector, hand packer, and bench assembler, which exist in significant numbers in the national economy. (Tr. at 15, 17.) On this basis, benefits were denied. (Tr. at 16-17.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the

4

>case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

Claimant's Background

Claimant was 57 years old at the time of the administrative hearing. (Tr. at 27.) He has a high school education. (Tr. at 100.) In the past, he worked installing insulation around pipes, tanks, and power houses. (Tr. at 29, 95.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record. Claimant challenges the ALJ's findings related to Claimant's credibility, and argues that new and material evidence warrants remand.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not

supported by substantial evidence because (1) the ALJ erred in finding that Claimant could perform work at the medium exertional level; (2) the ALJ did not apply the proper legal standard in evaluating Claimant's testimony, contrary to Arnold v. Barnhart, No. 1:04-cv-0422 (S.D. W. Va. Sept. 29, 2005); and (3) the ALJ's findings were inconsistent and not supported by the record. Claimant also argues that new and material evidence necessitates remand. (Pl.'s Br. at 5-13.)

The Commissioner argues that substantial evidence supports the Commissioner's decision that Plaintiff could perform a limited range of medium work. (Def.'s Br. at 10-16.) She further argues that Claimant's argument concerning new and material evidence is without merit. (Def.'s Br. at 16-18.)

Claimant's reply brief reiterates that the ALJ's threshold finding on pain fails to comply with Craig v. Chater, 76 F.3d 585 (4th Cir. 1996), and that the ALJ failed to explain why he concluded that Claimant could not engage in extended walking, but had no limitations in standing. (Pl.'s Reply Br. at 1-3.)

The court finds Claimant's argument concerning new and material evidence persuasive. Pursuant to 28 U.S.C. § 405(g), remand is warranted upon a claimant's showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. Id. The new evidence must relate to the period on or

before the date of the ALJ's decision. 20 C.F.R. § 404.970(b)(2005). Evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time. Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987); Cox v. Heckler, 770 F.2d 411, 413 (4th Cir. 1985); Leviner v. Richardson, 443 F.2d 1338, 1343 (4th Cir. 1971).

In the instant case, the ALJ's opinion dated April 26, 2005 concluded that Claimant was not disabled. (Tr. at 10A-17.) However, on September 28, 2005, Social Security Administration determined that Claimant became disabled as of April 27, 2005. (Pl.'s Br. at 11, citing Notice dated September 28, 2005.) This means that Claimant was deemed disabled *the day after* the ALJ denied his claim. The court finds that according to case precedent, this matter must be remanded for consideration of the Administration's conclusion as new and material evidence.

Cases within this district have held that a disability determination which commences on the day after an ALJ's opinion that a claimant is not disabled constitutes new and material evidence necessitating remand. See Carrico v. Barnhart, Civil Action No. 1:02-cv-0480, August 27, 2003 Proposed Findings and Recommendation, Docket Sheet Document # 27, affirmed by Chief Judge David A. Faber, Docket Sheet Document # 28. In Carrico, Claimant's initial application was denied by ALJ Russell in a decision dated March 4, 2000. After receiving the ALJ Russell's

7

decision, Claimant applied anew. In a decision on this second application, ALJ DeMonbreum declared Claimant disabled as of March 5, 2004—-the day after the first decision. Id., docket # 27, p. 4. The Appeals Council did not have ALJ DeMonbreum's decision when it decided to accept the March 4, 2000 decision.

In analyzing this issue, Magistrate Judge VanDervort stated,

> [ALJ DeMonbreum's] finding that Claimant was disabled the day after ALJ Russell issued his decision begs the question whether Claimant was actually disabled before [or] during that period of time relevant to ALJ Russell's consideration of Claimant's first applications. Though Claimant has not submitted a copy of ALJ DeMonbreum's decision, simply in consideration of his finding that Claimant became disabled on the day after ALJ Russell issued his decision, the undersigned finds that there is a reasonable possibility that the evidence considered by ALJ DeMonbreum in reaching his decision might well have changed the outcome in this case as it was before ALJ Russell. It is not in any way evident from the current record in this case how Claimant became disabled the day after ALJ Russell's decision. Accordingly, this case must be remanded in order that ALJ DeMonbreum's decision and evidence upon which he relied can be examined to determine if modification of ALJ Russell's decision is in order in this case.

Carrico, supra, docket # 27, p. 10.

Judge VanDervort's opinion in Reichard v. Barnhart, 278 F.Supp. 728, 736 (S.D.W.Va. 2003), cited by Claimant, is likewise on point, as is the case of Jeffries v. Barnhart, Civil Action No. 2:03-cv-02158, August 4, 2004 Proposed Findings and Recommendation, Docket Sheet Document # 13, affirmed by the Honorable Joseph R.

Goodwin, Docket Sheet Document # 16.

Based on the above, the court proposes that the presiding District Judge remand this matter pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of this new and material evidence.

The other issue necessitating remand is the ALJ's failure to properly apply the analysis of Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). In Craig, our Court of Appeals stated that in evaluating pain and other subjective symptoms, the Commissioner must utilize a two-pronged test. First, "there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and *which could reasonably be expected to produce the pain or other symptoms alleged*." Id. If that threshold requirement is satisfied, the Commissioner must then evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work ...." Id. at 595.

The importance of this threshold test was emphasized in Arnold v. Barnhart, Civil Action No. 1:04-cv-00422, September 29, 2005 Memorandum Opinion, Docket Sheet Document # 18.  Therein, Chief Judge Faber ruled that "the ALJ's failure to expressly reach a conclusion regarding the first prong of the pain disability test, the threshold question of whether a claimant has 'an underlying medical impairment that could reasonably be capable of causing the

pain alleged,' constitutes a failure to apply the correct legal standard in determining that a claimant is not disabled by pain." Id. at 14-15.  Chief Judge Faber determined that the appropriate remedy is remand, so that a claimant is given a "fair decision," and the reviewing district court receives "a fully developed record."  Id. at 13.

In the decision herein, while the ALJ determined that Claimant's impairments were severe, he made no finding that objective medical evidence established an impairment that could reasonably be expected to produce the pain and symptoms alleged. Instead, he proceeded immediately to step two of the analysis, concluding that Claimant's "subjective complaints and limitations [were] overstated and not credible to the extent alleged."  (Tr. at 14-15.)  The Commissioner argues that the ALJ's analysis is nonetheless sufficient, because he did expressly note Plaintiff's severe vertigo, osteoarthritis of the low back, and degenerative changes in the feet.  (Def.'s Br. at 12, citing tr. at 11.) Defendant further argues that the ALJ fully discussed the physical findings that led to the determination that these conditions were severe, and thoroughly considered all of Plaintiff's subjective complaints in reaching a decision as to credibility. (Def.'s Br. at 12, citing tr. at 12-15.)  Defendant asserts that despite lacking an express finding of impairment, the ALJ's credibility analysis still comports with Craig.  (Def.'s Br. at 12.)

10

The undersigned disagrees.  The ALJ's finding is nothing more than a statement that the impairments are "severe," that is, they "significantly limit" the "ability to do basic work activities." 20 C.F.R. § 404.1521(a) (2005).  Craig and Arnold require more; "an ALJ must make an *explicit* determination that a claimant has or has not proven an underlying medical impairment that could cause the pain alleged by the claimant."  Arnold, supra, at 11. [Emphasis in original.]  The regulations phrase the requirement as follows:

> Your symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present. Medical signs and laboratory findings, established by medically acceptable clinical or laboratory diagnostic techniques, must show the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.

20 C.F.R. § 404.1529(b) (2005).

Claimant testified that he had problems with vertigo, and that his problems with his feet and legs became worse when he walked.  (Tr. at 32.) He stated that his legs gave out on him occasionally, and that he tried to avoid walking.  He sometimes walked with a cane or a crutch, up to two weeks at a time.  (Tr. at 33.)  He testified that he could only stand for a half an hour to forty-five minutes.  Id.  He stated that if he walked very much, he would be "laid up" on his couch for two or three weeks at a time.  (Tr. at 33-4.) He stated that he could lift 15 to 20 pounds.  (Tr. at 36.)

11

The Physical Residual Functional Capacity Assessment form used by the Social Security Administration indicates that a person capable of working at the medium exertional level can lift 25 pounds frequently and 50 pounds occasionally, and can stand or walk about six hours in an eight-hour day.  (Tr. at 199.)  In this case, the vocational expert testified that the jobs she identified would require Claimant to be on his feet "approximately six out of eight hours."  (Tr. at 47-48.)

Despite the above, the ALJ concluded that Claimant could perform a full week's work at the medium exertional level, with limits of lifting no more than 50 pounds and with frequent lifting of no more than 25 pounds, no extended walking on the job and no driving as part of the work activity.  He determined that Claimant could occasionally stoop, kneel, crouch and crawl, but never climb nor balance.  Claimant should avoid concentrated exposure to noise and all exposure to hazards involving heights and dangerous machinery.  (Tr. at 17, Finding No. 7.)

The undersigned proposes that the presiding District Judge find that the ALJ's decision is not supported by substantial evidence because the ALJ did not make the threshold finding required by Craig and Arnold, related to Claimant's pain and subjective symptoms.  It is further recommended that the District Judge direct remand on these grounds, and that Claimant's remaining arguments be addressed at the administrative level.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **REVERSE** the Commissioner's decision denying benefits, **REMAND** this case for further proceedings pursuant to the fourth and sixth sentences of 42 U.S.C. § 405(g), and **DISMISS** this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.

1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

August 29, 2006
    Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge