```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**WILLIAM J. BRADLEY,**

    Plaintiff

v.                                              Civil Action No. 2:05-0797

**JO ANNE B. BARNHART,**
Commissioner of the
Social Security Administration

    Defendant

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are the parties' briefs seeking judgment on the pleadings. The plaintiff's brief was filed December 27, 2005. The defendant's brief was filed January 26, 2006. On August 29, 2006, the court received the proposed findings and recommendation of the United States Magistrate Judge. On September 8, 2006, the Commissioner objected. On September 12, 2006, the court directed the plaintiff to respond to the Commissioner's objections. On September 15, 2006, plaintiff's response was received.

I.

On December 17, 2003, plaintiff William J. Bradley, now

58, filed an application for disability insurance benefits, alleging disability as of January 3, 2003, due to vertigo, arthritis and nerve damage in his feet, and asbestosis. A hearing was conducted on plaintiff's claim on March 15, 2005, subsequent to which the administrative law judge ("ALJ") issued a decision dated April 26, 2005, finding that plaintiff was not entitled to benefits. The decision became final on July 29, 2005, after the Appeals Council denied plaintiff's request for review.

On September 26, 2005, plaintiff instituted this action seeking judicial review of the administrative decision pursuant to 42 U.S.C.A. § 405(g). On September 28, 2005, the Social Security Administration ("SSA") determined he was disabled, with an onset date of April 27, 2005, being the day after the ALJ denied his first application for benefits.[1]  This award was

---

[1]Plaintiff submits a two-page letter supporting his assertion that he has been awarded benefits. A careful reading of the letter, however, does not indicate that a final determination had yet been made concerning plaintiff's second application. In any event, it appears to be undisputed that the plaintiff was awarded benefits on the second application. (See Def.'s Objecs. at 1, 3 ("The fact that Plaintiff was awarded benefits which began on the day after the ALJ's unfavorable decision is a circumstance which occurs by virtue of the Commissioner's regulations. . . . Plaintiff's award of benefits on April 27, 2005, is simply not material to the issue of whether he was disabled on or before the date of the ALJ's decision on April 26, 2005.").

apparently based upon a second application alleging disability because of feet and back problems, pain in the knees, high blood pressure, nerve damages, arthritis, dizzy spells and breathing problems due to asbestosis.  The magistrate judge, in her proposed findings and recommendation, concluded that the ALJ's decision in the case before the court for decision was not supported by substantial evidence.  She recommends remand on two grounds, namely, that (1) the September 28, 2005, award of benefits constitutes new and material evidence, and (2) the ALJ failed to properly apply the two sequential steps mandated by <u>Craig v. Chater</u>, 76 F.2d 585 (4th Cir. 1996).

II.

A.   New Evidence

As noted, the ALJ concluded on April 26, 2005, that the plaintiff was not disabled.  Thereafter, on September 28, 2005, the SSA determined that plaintiff was disabled as of April 27, 2005.  The Commissioner contends as follows in her objections:

> [T]he medical evidence which was considered for purposes of Plaintiff's subsequent application was generated two months after the ALJ's decision in this case.  As referenced in the award letter, Plaintiff's subsequent application included medical records from Cabin Creek Health Center received on June 13, 2005;

>  records from Timothy Deer, M.D., received on June 8, 2005; records from CAMC Outpatient/Clinic Records received on June 6, 2005; records from Metro MRI, Inc. received on June 24, 2005; and records from St. Francis Hospital received on June 4, 2005. These records, which apparently demonstrated that Plaintiff's conditions worsened in the two months following the ALJ's decision herein, cannot form the basis to remand the ALJ's decision on the application at issue in this case.

(Def.'s Objecs. at 3-4).

>  Title 42 U.S.C. § 405(g) provides pertinently as follows:
>
>  The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, <u>and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding</u> . . . .

42 U.S.C. § 405(g) (emphasis supplied). As noted by the Commissioner, our court of appeals, in <u>Wilkins v. Secretary, Dept. of Health & Human Servs.</u>, 953 F.2d 93 (4th Cir. 1991), has observed as follows:

>  The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Evidence is new within the meaning of this section if it is not duplicative or cumulative. Evidence is material if

>there is a reasonable possibility that the new evidence would have changed the outcome.

Id. at 95-96 (quoted authority omitted).

Based upon Wilkins, the Commissioner contends "evidence that Plaintiff received benefits effective the day after the ALJ decision . . . should not be considered in assessing whether substantial evidence supports that decision." (Def.'s Objecs. at 2). Only one case cited by the Commissioner, however, involves a factual setting similar to this case.

In that case, Bruton v. Massanari, 268 F.3d 824 (9th Cir. 2001), the United States Court of Appeals for the Ninth Circuit held as follows:

>Under 42 U.S.C. § 405(g), remand is warranted only if there is new evidence that is material and good cause for the late submission of the evidence. New evidence is material if it "bear[s] directly and substantially on the matter in dispute," and if there is a "reasonabl[e] possibility that the new evidence would have changed the outcome of the ⋯ determination."
>
>In this case, Bruton's second application <u>involved different medical evidence, a different time period, and a different age classification</u>. For these reasons, the second ALJ's subsequent decision to award benefits as of April 10, 1996, is not inconsistent with the first ALJ's denial of Bruton's initial application. We therefore hold that the district court did not err in denying Bruton's motion to remand.

Id. at 827 (emphasis supplied).

It is noteworthy that the Commissioner does not assert that the underscored three different factors from <u>Bruton</u> are present in this case.  In any event, <u>Bruton</u> has been distinguished in this district previously by <u>Reichard v. Barnhart</u>, 285 F. Supp.2d 728, 734 (S.D. W. Va. 2003).  In <u>Reichard</u>, the magistrate judge observed why a subsequent award with an onset date in close proximity to an earlier denial would support remand.  After noting the <u>Wilkins</u> standard, the magistrate judge observed as follows:

> ALJ Conover's decision finding disability commencing less than a week after he first pronounced that Claimant was not disabled is new and material evidence. ALJ Conover reached his decision in the adjudication of Claimant's second applications [sic].  His finding that Claimant was disabled only a few days after his first decision was issued begs the question whether Claimant was actually disabled before that during the period of time relevant to consideration of Claimant's first application. . . . Simply in consideration of the finding that Claimant became disabled a few days after ALJ Conover issued his first decision, the undersigned finds that there is a reasonable possibility that the evidence considered by ALJ Conover in reaching his second decision might well have changed the outcome in this case as it was before him the first time. . . . Accordingly, this case must be remanded so that ALJ Conover's second decision and the documents upon which it is based can be examined to determine if modification of ALJ Conover's first decision is in order in this case.

<u>Id.</u> at 734.

The instant case is admittedly distinguishable in some respects from <u>Reichard</u>.  For example, in <u>Reichard</u>, "[a] review of

ALJ Conover's second decision show[ed] that some of the evidence he considered was in the record before him on the first applications . . . ." Id. Here, however, it appears the second, favorable decision relied upon medical reports received in June 2005. The second decision, however, occurred at an early point in the administrative process, without plaintiff having need to resort to an additional inquiry by an ALJ. Further, as plaintiff notes, the treatments and/or diagnoses leading to the June 2005 reports may very well have occurred prior to the ALJ's April 26, 2005, decision.

Another factor distinguishing this action from Reichard is the fact that the September 28, 2005, award granting benefits to plaintiff stated "Your condition did not become severe enough to meet our criteria for eligibility until 04/27/2005." (Ex. 2, Pl.'s Br. in Supp. of Jgt. on Pldgs. at 1). This conclusional statement, however, is of little moment in view of plaintiff's significant and complex medical history.

The differences between this action and Reichard thus do not warrant disregard of that decision here. At bottom, Reichard stands for the proposition that an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to

7

determine whether the favorable event should alter the initial, negative outcome on the claim.  That result is also entirely consistent with the <u>Wilkins</u> standard as it relates to this case.  Pursuant to <u>Wilkins</u>, remand is warranted when the evidence is (1) new, (2) material, and (3) relates to the period on or before the date of the ALJ's decision.

New evidence is that which is neither duplicative nor cumulative.  Material evidence is that which has the reasonable possibility of changing the outcome.  Both of those requirements are satisfied here.  If the SSA awarded benefits on the second claim based upon the evidence received in June 2005, with an onset date coming just one day after the date of an earlier denial, that documentation, and the decision which resulted from it, would seem likely to be of a significant and substantial character in relation to the earlier claim.  The first and second <u>Wilkins</u> requirements are thus satisfied.

The tight time line here also provides reasonable cause to believe the new and material evidence relates to the period on or before the date of the ALJ's denial of benefits.  It is important to note in this regard that the evidence need not have <u>existed</u> on or before the date of the decision.  It need only <u>relate</u> to that period.  Here, the medical evidence was received

by the Commissioner in June 2005. It obviously existed prior to the time it was received, putting it in close temporal proximity to the April 26, 2005, unfavorable decision by the ALJ. In view of both <u>Reichard</u> and plaintiff's satisfaction of the tripartite <u>Wilkins</u> standard, the magistrate judge's new-evidence remand recommendation is appropriate.[2]

B.   Compliance with <u>Craig</u>

In <u>Craig</u>, our court of appeals established a two-part test for evaluating pain and other subjective symptoms:

> Under these regulations, the determination of whether a person is disabled by pain or other symptoms is a two-step process. First, there must be objective medical evidence showing
>
>> the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which

---

[2]The court also notes plaintiff has established good cause under section 405(g). In his brief before the magistrate judge, plaintiff's counsel noted as follows:

> Furthermore, Mr. Bradley has good cause for not presenting this evidence to the Commissioner when his claim was still pending before the Social Security Administration. The Appeals Council denied Mr. Bradley's request to review [the] Administrative Law Judge['s] decision on July 29, 2005. (Tr. 4). The Administration did not rule on Mr. Bradley's new claim until two months later.

(Pl.'s Br. at 12).

> could reasonably be expected to produce the
> pain or other symptoms alleged.
>
> . . . .
>
> It is only after a claimant has met her threshold
> obligation of showing by objective medical evidence a
> medical impairment reasonably likely to cause the pain
> claimed, that the intensity and persistence of the
> claimant's pain, and the extent to which it affects her
> ability to work, must be evaluated.

Craig, 76 F.3d at 594-95.

The Commissioner contends the ALJ's admitted failure to address the first component of Craig should be deemed harmless error, taking into account the entirety of his decision. The parties' sharply differing accounts on this point, however, reflected in a comparison of the Commissioner's objections and the plaintiff's response, illustrate the matter is not so easily resolved. Additionally, as the magistrate judge aptly notes at pages 11-12 of her proposed findings and recommendation, the Commissioner's contention is in conflict with the explicit instruction provided in Craig:

> In the instant case, the ALJ did not expressly consider
> the threshold question of whether Craig had
> demonstrated by objective medical evidence an
> impairment capable of causing the degree and type of
> pain she alleges. Instead, the ALJ proceeded directly
> to considering the credibility of her subjective
> allegations of pain. J.A. at 16. <u>Accordingly, we
> remand to the ALJ to determine whether Craig has an
> objectively identifiable medical impairment that could
> reasonably cause the pain of which she complains</u>. If
> the ALJ concludes that she does, then, and only then,

10

>        should it undertake an assessment into the credibility
>        of Craig's subjective claims of pain.

<u>Craig</u>, 76 F.3d at 596.

While the Commissioner's position is not an illogical one, the direction in <u>Craig</u> is to be followed. Indeed, if it is determined that the claimant has demonstrated by objective medical evidence an impairment or impairments capable of causing the degree and type of pain he alleges, the supporting findings to that effect may shed some light on the credibility of his subjective claims of disabling pain.

The court concludes the magistrate judge has appropriately recommended remand based upon the ALJ's admitted failure to comply with <u>Craig</u>.

C.   Nature of the Remand

One final matter is worthy of discussion. This case is unusual in that it involves both a fourth and sixth sentence remand. The Supreme Court discussed the difference between these two types of remands in <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991):

>    [W]e [have] examined closely the language of § 405(g)
>    and identified two kinds of remands under that statute:
>    (1) remands pursuant to the fourth sentence, and (2)

11

> remands pursuant to the sixth sentence. The fourth sentence of § 405(g) authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." . . .
>
> The sixth sentence of § 405(g) . . . "describes an entirely different kind of remand." The district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding. The statute provides that following a sentence six remand, the Secretary must return to the district court to "file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

Id. at 97-98 (citations omitted). A fourth sentence remand is necessary here to allow the Commissioner to comply with Craig. A sixth sentence remand is warranted to allow for consideration of the new evidence previously noted.

Addressing a case of first impression, the United States Court of Appeals for the Eleventh Circuit opined as follows:

> To summarize, after reviewing § 405(g) and the applicable case law, we agree with Jackson that if both sentence-four and sentence-six grounds for remand exist in a disability case, the case may be remanded on both grounds. District court jurisdiction over the case continues after the entry of the remand judgment as a result of the sentence-six prong of the remand. If a claimant achieves a remand on both sentence-four and sentence-six grounds, and thereafter succeeds on remand

> in part due to the sentence-six ground, the claimant may return to district court to request entry of judgment after remand proceedings have been completed. In such a case, the claimant may wait until the post-remand judgment is entered before filing his EAJA application.

<u>Jackson v. Chater</u>, 99 F.3d 1086, 1097-98 (11th Cir. 1996).  One finds little help among the commentators on this precise issue, but at least one authority recognizes the possibility of dual basis remand orders.  <u>See</u> 4 Soc. Sec. Law & Prac. § 49:97 (2006).

Based upon these authorities, the court concludes a dual basis remand is appropriate on both sentence four and six grounds.  Additionally, based upon the foregoing discussion, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation.

### III.

Based upon the foregoing discussion, the court ORDERS as follows:

1. That plaintiff's request for judgment on the pleadings be, and it hereby is, granted insofar as remand is sought and denied as to its residue;

2. That defendant's request for judgment on the pleadings be, and it hereby is, denied;

3.  That the Commissioner's decision be, and it hereby is, reversed and remanded pursuant to sentence four to permit the ALJ to conform his findings to <u>Craig</u>;

4.  That the Commissioner's decision be, and it hereby is, further remanded pursuant to sentence six for consideration of new evidence; and

5.  That this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

                                            DATED:  September 28, 2006

                                            John T. Copenhaver, Jr.
                                            United States District Judge